UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC KLASS and ELIZABETH KLASS,<br><br>        Plaintiffs,<br><br>v.<br><br>3M COMPANY; AGC CHEMICALS AMERICAS INC.; ARCHROMA U.S. INC.; ARKEMA, INC.; BUCKEYE FIRE EQUIPMENT COMPANY; CARRIER GLOBAL CORPORATION; CHEMGUARD, INC.; DYNAX CORPORATION; E.I. DU PONT DE NEMOURS AND COMPANY; FIRE-DEX, LLC; FIRE SERVICE PLUS, INC.; GLOBE MANUFACTURING COMPANY LLC; HONEYWELL SAFETY PRODUCTS USA, INC.; JOHNSON CONTROLS, INC.; LION GROUP, INC.; MINE SAFETY APPLIANCE COMPANY, LLC; NATIONAL FOAM, INC.; PBI PERFORMANCE PRODUCTS, INC.; PERIMETER SOLUTIONS, LP; STEDFAST USA, INC.; TENCATE PROTECTIVE FABRICS USA d/b/a SOUTHERN MILLS, INC.; THE CHEMOURS COMPANY L.L.C.; TYCO FIRE PRODUCTS, LP; and W.L. GORE & ASSOCIATES INC.,<br><br>        Defendants and,<br><br>AIR ONE EQUIPMENT, INC., an Illinois corporation,<br><br>        Respondent in Discovery. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant 3M Company, by and through undersigned counsel, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Circuit Court of

1

Cook County, Illinois, to the United States District Court for the Northern District of Illinois. As grounds for removal, 3M Company states as follows:

## BACKGROUND

1. This action was filed on August 2, 2023, in the Circuit Court of Cook County, Illinois, bearing case number 2023-L-7714. (Ex. A, Complaint).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 93(a)(1) and 1441(a) because the Circuit Court of Cook County, Illinois, is located within the Eastern Division of the Northern District of Illinois.

3. 3M Company has not been served with the Complaint. Removal is timely under 28 U.S.C. § 1446(b).

4. On information and belief, as of this date, the remaining Defendants have not been served with process and a copy of the Complaint. Thus, their consent to removal is not necessary. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that all defendants "who have been properly joined *and served* must join in or consent to the removal of the action" when removal is based solely on 28 U.S.C. § 1441 (emphasis added)); *see also Aquino v. C.R. Bard, Inc.*, 2018 WL 5717423, at *3 (N.D. Ill. Nov. 1, 2018) (entity that "was not properly joined and served" was not required to consent to removal).

5. Plaintiffs allege that Defendants manufactured, designed, sold, supplied, or distributed per- and polyfluoroalkyl substances ("PFAS") or products that contain PFAS. (*See*, *e.g.*, Compl. ¶ 2.) More specifically, Plaintiffs allege that Eric Klass was exposed to PFAS contained in firefighter turnout gear and firefighting foams, including aqueous film-forming foam ("AFFF") (*id.* ¶ 6.), and that his exposure "to significant levels of PFAS . . . caused or contributed to his prostate cancer diagnosed in March, 2017." (*Id.* ¶¶ 147, 152; *see also id.* ¶¶ 11, 111.)

2

6. Plaintiffs assert claims for negligence (*id.* ¶¶ 140–47), strict liability (*id.* ¶¶ 148–52), breach of implied warranty of merchantability (*id.* ¶¶ 153–76), and loss of consortium (*id.* ¶¶ 177–81).

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon the other parties and a copy is being filed with the Clerk of the Circuit Court of Cook County, Illinois.

8. By filing a Notice of Removal in this matter, 3M Company does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and 3M Company specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

9. 3M Company reserves the right to amend or supplement this Notice of Removal.

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

13. Removal here is proper under 28 U.S.C. § 1332, which provides for removal where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) complete diversity exists between the plaintiff and defendants. *See, e.g.*, *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 848 (7th Cir. 2022). There is complete diversity here under 28 U.S.C. § 1332(a)(1) because Plaintiffs are citizens of Illinois and all Defendants are citizens of states other than Illinois.

14. For diversity purposes, a corporation is a citizen of "every State or foreign state by which it has been incorporated" as well as "the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see, e.g.*, *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021). An unincorporated business entity such as an LLC "is a citizen of the states where its owning members are citizens." *Big Shoulders Cap. LLC*, 13 F.4th at 565; *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020)

(citizenship of partnership "depended on the citizenships of each partner—and if any partner is itself a partnership or limited liability company, then the identity of each member of each of these entities must be traced until we reach a corporation or natural person"); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). An LLC's or partnership's own state of organization and principal place of business thus are irrelevant for determining its citizenship.

I. **There is Complete Diversity of Citizenship Between the Parties.**

15. The Complaint alleges that Eric Klass "was a firefighter for 7 years for the City of Naperville Fire Department and 7 years for the Westmont Fire Department" and that Eric Klass and Elizabeth Klass "were lawfully married at all times relevant this action and are currently husband and wife." (Compl. ¶¶ 14-15.) On information and belief, Plaintiffs are citizens of Illinois.

16. Upon information and belief, none of the named Defendants is a citizen of Illinois.

17. The Complaint alleges that 3M Company is a Delaware corporation with its principal place of business in Minnesota. (*Id.* ¶ 16.) 3M Company is a citizen of Delaware and Minnesota.

18. The Complaint alleges that AGC Chemicals Americas, Inc. is a Delaware corporation that has its principal place of business in Pennsylvania. (*Id.* ¶ 17.) Accordingly, on information and belief, AGC Chemicals Americas, Inc., is a citizen of Delaware and Pennsylvania.

19. The Complaint alleges that Amerex Corporation is an Alabama corporation that has its principal place of business in Alabama. (*Id.* ¶ 18.) Accordingly, on information and belief, Amerex Corporation is a citizen of Alabama.

20. The Complaint alleges that Archroma U.S., Inc. is a North Carolina corporation that has its principal place of business in North Carolina. (*Id.* ¶ 19.) On information and belief, Archroma U.S., Inc. is a Delaware corporation with its principal place of business in North

4

Carolina. Accordingly, on information and belief, Archroma U.S., Inc. is a citizen of Delaware and North Carolina.

21. The Complaint alleges that Arkema, Inc. is a Pennsylvania corporation that has its principal place of business in Pennsylvania. (*Id.* ¶ 20.) Accordingly, on information and belief, Arkema, Inc. is a citizen of Pennsylvania.

22. The Complaint alleges that Buckeye Fire Equipment Company is a North Carolina corporation that has its principal place of business in North Carolina. (*Id.* ¶ 21.) On information and belief, Buckeye Fire Equipment Company is an Ohio corporation with its principal place of business in North Carolina. Accordingly, on information and belief, Buckeye Fire Equipment Company is a citizen of Ohio and North Carolina.

23. The Complaint alleges that Carrier Global Corporation is a Delaware corporation that has its principal place of business in Florida. (*Id.* ¶ 22.) Accordingly, on information and belief, Carrier Global Corporation is a citizen of Delaware and Florida.

24. The Complaint alleges that Chemguard, Inc. is a Wisconsin corporation that has its principal place of business in Wisconsin. (*Id.* ¶ 23.) On information and belief, Chemguard is a Texas corporation that has its principal place of business in Wisconsin. Accordingly, on information and belief, Chemguard, Inc. is a citizen of Texas and Wisconsin.

25. The Complaint alleges that Dynax Corporation is a New York corporation that has its principal place of business in New York. (*Id.* ¶ 24.) On information and belief, Dynax is a Delaware corporation that has its principal place of business in New York. Accordingly, on information and belief, Dynax Corporation is a citizen of Delaware and New York.

26.     The Complaint alleges that E. I. du Pont de Nemours & Co. is a Delaware corporation that has its principal place of business in Delaware. (*Id.* ¶ 25.) Accordingly, on information and belief, E. I. du Pont de Nemours & Co. is a citizen of Delaware.

27.     The Complaint alleges that Fire-Dex, LLC is a Delaware corporation that has its principal place of business in Ohio. (*Id.* ¶ 26.) On information and belief, Fire-Dex, LLC is a limited liability company whose sole member is Fire-Dex, Inc., an Ohio corporation that has its principal place of business in Ohio. Accordingly, Fire-Dex, Inc. is a citizen of Ohio, and Fire-Dex, LLC likewise is a citizen of Ohio.

28.     The Complaint alleges that Fire Service Plus, Inc. is a Georgia corporation that has its principal place of business in California. (*Id.* ¶ 27.) Accordingly, on information and belief, Fire Service Plus, Inc. is a citizen of Georgia and California.

29.     The Complaint alleges that Globe Manufacturing Company, LLC is a New Hampshire corporation that has its principal place of business in New Hampshire. (*Id.* ¶ 28.) On information and belief, Globe Manufacturing Company, LLC is a limited liability company wholly owned by its single member Globe Holding Company, LLC. Globe Holding Company, LLC is wholly owned by its single member, MSA Worldwide, LLC. MSA Worldwide, LLC is wholly owned by its single member, MSA Safety Incorporated. MSA Safety Incorporated is a Pennsylvania corporation with its principal place of business in Pennsylvania. Accordingly, Globe Manufacturing Company, LLC is a citizen of Pennsylvania.

30.     The Complaint alleges that Honeywell Safety Products USA, Inc. is a Delaware corporation that has its principal place of business in North Carolina. (*Id.* ¶ 29.) Accordingly, on information and belief, Honeywell Safety Products USA, Inc. is a citizen of Delaware and North Carolina.

31. The Complaint alleges that Johnson Controls, Inc. is a Delaware corporation that has its principal place of business in Wisconsin. (*Id.* ¶ 30.) On information and belief, Johnson Controls, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin. Accordingly, on information and belief, Johnson Controls, Inc. is a citizen of Wisconsin.

32. The Complaint alleges that Lion Group, Inc. is an Ohio corporation that has its principal place of business in Ohio. (*Id.* ¶ 31.) Accordingly, on information and belief, Lion Group, Inc. is a citizen of Ohio.

33. The Complaint alleges that "Defendant, Mine Safety Appliance Company, LLC, ('MSA/Globe')" is a Pennsylvania corporation that has its principal place of business in Pennsylvania. (*Id.* ¶ 32.) The Complaint further alleges that "MSA acquired Globe Holding Company, LLC and its subsidiaries (collectively 'MSA/Globe') in 2017 and continues to do business under the Globe name." (*Id.*; *see also id.* ¶ 28.) On information and belief, the correct name of the defendant that Plaintiffs have attempted to name in paragraph 32 of the Complaint is MSA Safety Incorporated,[1] which (as discussed above in ¶ 29) is a Pennsylvania corporation with its principal place of business in Pennsylvania, and thus is a citizen of Pennsylvania.

34. The Complaint alleges that National Foam, Inc. is a Pennsylvania corporation that has its principal place of business in Pennsylvania. (*Id.* ¶ 33.) On information and belief, National Foam, Inc. is a Delaware corporation that has its principal place of business in North Carolina. Accordingly, on information and belief, National Foam, Inc. is a citizen of Delaware and North Carolina.

35. The Complaint alleges that PBI Performance Products, Inc. is a Delaware corporation that has its principal place of business in North Carolina. (*Id.* ¶ 34.) Accordingly, on

---

[1] 3M takes no position on whether Plaintiffs have properly named any entities as defendants.

7

information and belief, PBI Performance Products, Inc. is a citizen of Delaware and North Carolina.

36. The Complaint alleges that Perimeter Solutions, LP is a Delaware corporation that has its principal place of business in California. (*Id.* ¶ 35.) On information and belief, Perimeter Solutions, LP is a limited partnership whose partners are Perimeter Solutions Inc. and Perimeter Solutions LLC. Perimeter Solutions LLC is wholly owned by its sole member, Perimeter Solutions Inc. Perimeter Solutions Inc. is a Delaware corporation that has its principal place of business in Missouri. Accordingly, on information and belief, Perimeter Solutions, LP is a citizen of Delaware and Missouri.

37. The Complaint alleges that Stedfast USA, Inc. is a Delaware corporation that has its principal place of business in Tennessee. (*Id.* ¶ 36.) Accordingly, on information and belief, Stedfast USA, Inc. is a citizen of Delaware and Tennessee.

38. The Complaint alleges that Tencate Protective Fabrics USA, d/b/a Southern Mills, Inc. is a Georgia corporation that has its principal place of business in Georgia. (*Id.* ¶ 37.) Accordingly, on information and belief, Tencate Protective Fabrics USA, d/b/a Southern Mills, Inc. is a citizen of Georgia.

39. The Complaint alleges that The Chemours Company, L.L.C. is a Delaware corporation that has its principal place of business in Delaware. (*Id.* ¶ 38.) On information and belief, The Chemours Company, L.L.C. is a limited liability company whose sole member is The Chemours Company, and The Chemours Company is incorporated and has its principal place of business in Delaware. Accordingly, The Chemours Company is a citizen of Delaware and The Chemours Company, L.L.C. likewise is a citizen of Delaware.

40. The Complaint alleges that Tyco Fire Products, L.P. is a Delaware corporation that has its principal place of business in New Hampshire. (*Id.* ¶ 39.) On information and belief, Tyco Fire Products, L.P. is a limited partnership whose partners are Central Sprinkler LLC and Fire Products GP Holding, LLC.  In turn, these limited liability companies have the citizenship of their members: (i) Fire Products GP Holding, LLC is wholly owned by its single member, Central Sprinkler LLC; (ii) Central Sprinkler LLC is wholly owned by its single member, Tyco International Management Company, LLC; (iii) Tyco International Management Company, LLC is wholly owned by its single member, Tyco Fire & Security Holdings LLC; (iv) Tyco Fire & Security Holdings LLC is wholly owned by its single member, Tyco Fire & Security (US) Management, LLC; (v) Tyco Fire & Security (US) Management, LLC is wholly owned by its single member, Johnson Controls US Holdings, Inc. Johnson Controls US Holdings, Inc. is a Delaware corporation with its principal place of business in Wisconsin.  Accordingly, on information and belief, Tyco Fire Products LP is a citizen of Delaware and Wisconsin.

41. The Complaint alleges that W.L. Gore & Associates, Inc. is a Delaware corporation that has its principal place of business in Delaware. (*Id.* ¶ 40.) Accordingly, on information and belief, W.L. Gore & Associates, Inc. is a citizen of Delaware.

42. In addition to naming the foregoing Defendants, Plaintiffs' Complaint identifies "Air One Equipment, Inc., an Illinois corporation" as "Respondent in Discovery." (Compl. at p. 48) As a Respondent in Discovery, Air One Equipment, Inc. is purely a nominal defendant and its citizenship is not considered under 28 U.S.C. § 1332 or 28 U.S.C. § 1441(b)(2). *See Wisniewski v. City of Chicago*, 1998 WL 895746, at *1 (N.D. Ill. Dec. 15, 1998) (Respondents in Discovery "are purely nominal defendants for federal purposes, so that they play no part in any removal equation").

43. Because Plaintiffs are citizens of the State of Illinois and all of the named Defendants are citizens of states other than Illinois, there is complete diversity.

**II.     The Amount in Controversy Requirement is Satisfied.**

44. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied in this action. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). Although Plaintiffs do not state a precise dollar amount in controversy, it is apparent that the damages sought by Plaintiffs exceed $75,000, exclusive of interest and costs.

45. Calculation of the amount in controversy must include all damages, including punitive damages. *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022). While 3M denies that Plaintiffs are entitled to any monetary or other relief, it is plain that the amount in controversy here exceeds the jurisdictional minimum.

46. Although Plaintiffs do not state a precise dollar amount in controversy, the allegations in the Complaint show that the damages sought exceed $75,000, exclusive of interest and costs. *Majchrzak by & through Majchrzak v. Gap, Inc.*, 2018 WL 2220292, at *4 (N.D. Ill. May 15, 2018) (defendants may satisfy their burden to show the amount in controversy "simply by quoting the unspecified serious injuries and broad damages of the Complaint"). Plaintiff Eric Klass alleges that as a result of his exposure to the Defendants' products, he sustained "severe and

permanent injuries and damages," including prostate cancer. (*See, e.g.*, Compl. ¶¶ 11, 111, 147, 152 180.) Treatment costs for prostate cancer alone regularly exceed $75,000.[2]

47. In addition, Plaintiff Eric Klass alleges that he is entitled to an award of punitive damages. (*Id.* ¶ 176.) Moreover, the Complaint alleges that as a result of her husband's injuries, Plaintiff Elizabeth Klass was "deprived of love, companionship, comfort, care, assistance, protection, affection, society, and other consortium elements, during her husband's illnesses, treatments and recoveries, which deprivation has caused, continues to cause, and in the future is expected to cause . . . emotional distress and other injuries." (*Id.* ¶ 181.)

48. "[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount." *McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002). Indeed, other courts in this district have held that allegations of damages resulting from a cancer diagnosis clearly satisfy the amount in controversy requirement. *See*, *e.g.*, *Sloan v. Lesza*, 1998 WL 160868, at *1 (N.D. Ill. Apr. 2, 1998); *see also Reder v. Pearlman*, 2005 WL 326983, at *1 n.1 (N.D. Ill. Feb. 8, 2005) (similar); *Carleton v. CRC Indus., Inc.*, 49 F.Supp.2d 961, 962 (S.D.Tex.1999) (concluding that it was "undeniably facially apparent" that plaintiff's damages exceeded $75,000 jurisdictional minimum because he alleged that he contracted leukemia from defendant's chemicals).

49. The foregoing allegations make plain that the amount in controversy here exceeds $75,000, exclusive of interest and costs, and thus that the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

---

[2] "Financial Burden of Cancer Care," NIH National Cancer Institute (updated August 2023), *available at* https://progressreport.cancer.gov/after/economic_burden.

11

50. Because there is complete diversity of citizenship between Plaintiffs and Defendants, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this case is subject to removal by 3M pursuant to 28 U.S.C. §§ 1332 and 1441.

* * *

WHEREFORE, 3M hereby removes this action from the Circuit Court of Cook County, Illinois, to this Court.

Dated: August 7, 2023

MAYER BROWN LLP

By: */s/ Daniel L. Ring*

Daniel L. Ring
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
dring@mayerbrown.com

*Counsel for Defendant 3M Company*

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. I also served copies of the foregoing Notice of Removal at the following address by First Class U.S. Mail:

>Britney R. Pennycook
>Corboy & Demetrio, P.C.
>33 N. Dearborn Street
>Suite 2100
>Chicago, Illinois 60602
>(312) 346-3191
>
>*Counsel for Plaintiffs*

And I hereby certify that I have mailed by United States Postal Service the document to the following:

>AGC CHEMICALS AMERICAS INC.
>c/o The Corporation Trust Company
>Corporation Trust Center
>1209 Orange Street
>Wilmington, DE 19801
>
>AMEREX CORPORATION
>c/o James M. Proctor II
>2900 Highway 280
>Suite 300
>Birmingham, AL 35223
>
>ARCHROMA U.S. INC.
>c/o The Corporation Trust Company
>Corporation Trust Center
>1209 Orange Street
>Wilmington, DE 19801
>
>ARKEMA INC.
>900 First Avenue
>King of Prussia, PA 19406
>
>BUCKEYE FIRE EQUIPMENT COMPANY
>c/o A Haon Corporate Agent, Inc.

29225 Chagrin Blvd, Suite 350
Pepper Pike, OH 44122

CARRIER GLOBAL CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CHEMGUARD INC.
c/o The Prentice-Hall Corporation System, Inc.
251 Little Falls Drive
Wilmington, New Castle, DE 19808

DYNAX CORPORATION
c/o Corporate Systems LLC
3500 S. Dupont Highway
Dover, DE 19901

E.I. DUPONT DE NEMOURS AND COMPANY
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

FIRE-DEX, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

FIRE SERVICE PLUS, INC.
c/o Michael Campbell Meng
1020 Mead Ave.
Simi Valley, California 93065

GLOBE MANUFACTURING COMPANY LLC
c/o C T Corporation System
2 1/2 Beacon Street
Concord, NH, 03301

HONEYWELL SAFETY PRODUCTS USA, INC.
c/o Corporation Service Company
251 Little Falls Dr
Wilmington, DE 19808

JOHNSON CONTROLS, INC.
c/o C T Corporation System
301 S Bedford Street, Suite 1
Madison, WI 53703

LION GROUP, INC.
c/o QI Services, Inc.
Federal Reserve Bldg., 4th Floor
150 E Fourth St
Cincinnati, OH 45202

MINE SAFETY APPLIANCES CO., LLC
c/o C T Corporation System
401 Liberty Ave
Pittsburgh, PA 15222

MSA SAFETY INCORPORATED
c/o CT Corporation System
160 Mine Lake Ct, Suite 200
Raleigh, NC 27615

NATIONAL FOAM, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

PBI PERFORMANCE PRODUCTS, INC.
c/o Corporation Service Company
251 Little Falls Dr
Wilmington, DE 19808

PERIMETER SOLUTIONS, LP
c/o CT Corporation System
160 Mine Lake Ct, Suite 200
Raleigh, NC 27615

STEDFAST USA, INC.
c/o National Registered Agents, Inc.
116 Pine Street, 3rd Floor, Suite 320
Harrisburg, PA 17101

SOUTHERN MILLS, INC.
c/o Mark Christman
6501 Mall Boulevard
Union City, GA 30290

THE CHEMOURS COMPANY, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

TYCO FIRE PRODUCTS LP
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

W.L. GORE & ASSOCIATES INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

*/s/ Daniel L. Ring*

*Counsel for Defendant 3M Company*